UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

H.F.S. PROPERTIES, a Minnesota
Limited Partnership,

      Plaintiff,

v.                              **MEMORANDUM OF LAW & ORDER**
                                  Civil File No. 15-3273 (MJD/SER)

FOOT LOCKER SPECIALTY, INC.,

      Defendant.

---

Scott G. Harris, David G. Parry, and Benjamin D. Eastburn, Stinson Leonard Street LLP, Counsel for Plaintiff.

James J. Hartnett, IV, and Kyle R. Hardwick, Faegre Baker Daniels LLP, Counsel for Defendant.

---

      The above-entitled matter comes before the Court on Plaintiff H.F.S. Properties' ("HFS") Letter Request to File a Motion for Reconsideration. [Docket No. 48] HFS requests permission to file a formal motion for reconsideration of the Court's February 2, 2017 Order [Docket No. 47] granting in part and denying in part Defendant Foot Locker Specialty, Inc.'s ("Foot Locker") Motion for Partial Summary Judgment and granting HFS's Motion for Partial Summary Judgment.

The Local Rules provide that a motion to reconsider can only be filed with the Court's express permission, and such permission can only be obtained if the party shows "compelling circumstances." L.R. 7.1(j). The district court's decision on a motion for reconsideration rests within its discretion. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988).

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

Id. at 414 (citation omitted).

The Court has thoroughly reviewed HFS's letter request and the Court's February 2, 2017 Order, and concludes that the Court's Order contains no manifest errors of law or fact. Nor has HFS offered new evidence that would alter the Court's Order. HFS has not shown compelling circumstances to support filing a motion to reconsider.

The Court notes that consideration of the parties' early summary judgment motions was permitted based on a request from both parties. The parties then proceeded to extensively brief the issues in more than 150 pages of briefing supported by copious exhibits and a thorough oral argument. The question of the interpretation of the interplay of Article 2 of the 1920 Lease and Article 5 of

the 1949 Lease was repeatedly addressed by both parties. (See, e.g., [Docket No. 40] HFS Opp. Brief at 16-20.) And HFS extensively argued that Article 2 should be interpreted to require Foot Locker to make all repairs necessary to comply with current code requirements, in a section of its brief entitled "FL Failed to Follow Laws and Ordinances Applicable to the Use of the Woolworth Building And, Therefore, Is Responsible for Bringing the Building Into Compliance," which included a subheading entitled "To the Extent the City of St. Paul Requires Any Repairs to Comply with Current Building Code Provisions, the Cost of Those Repairs Are FL's Obligation." (See id. at 28, 31.) Therefore, the Court finds HFS's claim that it "had no notice, or adequate opportunity to fully submit evidence and arguments" regarding these issues to be blatantly false.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

HFS's Letter Request to File a Motion for Reconsideration [Docket No. 48] is **DENIED**.

Dated: March 8, 2017                    s/ Michael J. Davis
                                        Michael J. Davis
                                        United States District Court